UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LUIS CABAN,

                                    Plaintiff,

                                                                    No. 9:09-CV-1227
v.                                                                  (DNH/GHL)

KIETH HENDRY, Correction Sergeant, Great
Meadow Correctional Facility; WILLIAM KLINE,
Correction Sergeant, Great Meadow Correctional
Facility; D. WINCHIP, Correction Officer, Great
Meadow Correctional; and JAMES PATCH,
Correction Officer, Great Meadow Correctional

                                    Defendants.

_____

APPEARANCES:                                        OF COUNSEL:

LUIS CABAN
Plaintiff, *pro se*
05-A-0833
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ERIC T. SCHNEIDERMAN                    DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable David N. Hurd, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Luis

Caban ("Plaintiff") alleges that Defendants violated his Eighth Amendment rights by subjecting

him to excessive force.  (Dkt. No. 6 ¶ 24.)  Currently pending before the Court is Defendants'

motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Dkt.

No. 25.)  For the reasons that follow, I recommend that Defendants' motion be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on April 2, 2009, he and another inmate fought.  (Dkt. No. 6 ¶ 11.)

He claims "[t]he other inmate appeared [to] have numerous puncture wounds as a result of a

'pick type weapon,'" but staff recovered no weapon.  *Id.*  After the fight, Plaintiff was taken to

the prison infirmary.  There, Defendant Sgt. Kieth Hendry, Defendant Sgt. William Kline, and

Defendant Correctional Officer James Patch surrounded him.  *Id.* ¶ 12.  They asked Plaintiff

where the weapon was.  *Id.*  When he failed to respond, Defendant Hendry told him "[l]isten you

fucking spic, you're going to tell me where that fucking shank is at" and then banged his head

with a walkie-talkie.  *Id.* ¶ 13.  Plaintiff claims that he "threw his hands up for cover so to

preven[t] any further blows to the head and was immediately jumped on by Defendants Kline and

Patch."  *Id.*  He alleges that Defendant Patch beat his head and face with closed fists, put him in a

choke hold, and slammed him on the floor as Defendant Hendry continued to beat him with

closed fists.  *Id.* ¶¶ 14-15.

Plaintiff claims that he struggled and attempted to get up as Defendants Kline, Hendry,

and Patch beat him.  *Id.* ¶ 16.  The beating lasted about a minute, until Plaintiff "became placid

from the hard blows."  *Id.*  Plaintiff alleges that Defendants Hendry, Kline, and Patch "continued

slapping, punching and kicking" him after he was handcuffed.  *Id.*  Plaintiff was then yanked to

his feet.  *Id.* ¶ 17.  He claims that Defendant Hendry punched him in the back of his head

"causing his face to slam hard against a wall." and that "[b]oth [Defendant] Kline and

[Defendant] Patch repeatedly slapped [Plaintiff's] face and head several more times." *Id.*

Plaintiff alleges that Defendant Sgt. D. Winchip later arrived. *Id.* ¶ 18. Plaintiff claims

that Defendant Winchip "without premable, slapped [Plaintiff] in the face" and "yelled 'where's

the weapon?'" *Id.* Plaintiff did not answer and Defendant Winchip punched him in the stomach

and he fell to the floor. *Id.* Plaintiff alleges that he was threatened with criminal charges if he

did not reveal the weapon's location and was escorted to the Special Housing Unit for refusing to

talk. *Id.* ¶ 19.

On May 13, 2009, Plaintiff was indicted for assaulting Defendant Hendry.[1] (Dkt. No. 25-

3.) On December 7, 2009, he pleaded guilty to one count of attempted assault in the second

degree in violation of New York Penal Law §§ 110 and 120.05(7). (Dkt. No. 25-4.) During the

plea allocution, the judge asked Plaintiff whether he "with the intent to cause physical injury to

another, attempt[ed] to cause such physical injury to Corrections Sergeant . . . Hendry?" *Id.* at

13:11-14. Plaintiff replied "Yes. I tried to defend myself." *Id.* at 13:15-16. The judge asked

again: "[D]id you, with the intent to cause physical injury to another, attempt to cause such

physical injury to Corrections Sergeant . . . Hendry?" *Id.* at 13:23-14:1. Plaintiff replied "yes."

*Id.* at 14:2. Plaintiff was sentenced to a term of imprisonment of one and a half to three years as

---

[1]     Defendants have attached to their opposition papers an indictment and prosecution
report, plea minutes, and sentencing minutes to demonstrate these facts. (Dkt. Nos. 25-3, 25-4,
25-5.) Although a court must generally confine its analysis to the face of the complaint when
deciding a motion for judgment on the pleadings, there are some exceptions to this general rule.
As is relevant here, a court may consider facts of which judicial notice may be properly taken. *In
re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003). The Court judicially
notices that Plaintiff pleaded guilty to and was sentenced for attempted assault in the second
degree against Defendant Hendry. *Davis v. Cotov*, 214 F. Supp. 2d 310, 315-16 (E.D.N.Y.
2002).

a result of his guilty plea.  (Dkt. No. 25-5 at 6:18-24.)

     Plaintiff filed this action after he was indicted but before he pleaded guilty to attempting to assault Defendant Hendry.  (Dkt. No. 1.)  The operative complaint is the amended complaint. (Dkt. No. 6.)  Plaintiff requests $500,000 in compensatory damages and $100,000 in punitive damages.  *Id.* at ¶¶ 25-26. Defendants now move for a judgment on the pleadings.  (Dkt. No. 25.) Plaintiff has not opposed the motion.

## II.    LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

     "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

     "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

at 1949.

## III.   ANALYSIS

Defendants argue that the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994) bars Plaintiff's

§1983 excessive force claim for damages because Plaintiff's success in this action would imply

the invalidity of his criminal conviction for attempting to assault Defendant Hendry. (Dkt. No.

25-1 at 4-7.) Defendants' argument is without merit because Plaintiff's success in this action

would not necessarily demonstrate the invalidity of his conviction for attempted assault in the

second degree.

In *Heck*, the Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. Under *Heck* and its progeny, "a state prisoner's § 1983 action is barred

(absent prior invalidation) - no matter the relief sought (damages or equitable relief) . . . -if

success in that action would necessarily demonstrate the invalidity of confinement or its

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). If a plaintiff

whose success would necessarily demonstrate the invalidity of the confinement or its duration

does not satisfy *Heck*'s 'favorable termination' rule, he must seek relief through the federal habeas corpus statute rather than through § 1983.  *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006)

Defendants argue that "if this matter somehow results in a judgment in favor of Plaintiff, it unquestionably would imply the invalidity of his conviction.  Plaintiff's claim of excessive force therefore is not cognizable . . . " (Dkt. No. 25-1 at 6.)  Defendants cite *Douglas v. Smith*, No. 05-CV-1000, 2009 U.S. Dist. LEXIS 130720, 2009 WL 789450 (N.D.N.Y. Jan. 26, 2009),[2] which they characterize as being "[a]lmost directly on point."  (Dkt. No. 25-1 at 6.)

In *Douglas*, the plaintiff was involved in an altercation with several officers, including an officer named Rae.  After the incident, Douglas was criminally charged with assaulting Officer Rae.  He pleaded guilty to a reduced charge of attempted assault.  The conviction was not overturned on appeal.  Douglas filed a § 1983 action alleging that the officers violated his Eighth Amendment rights by subjecting him to excessive force.  To prevail on the cause of action, Douglas needed to prove that the officers applied force "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).   Officer Rae, but not the other officers, moved for summary judgment. The court granted Officer Rae's motion, finding that:

> Douglas was convicted of attempted assault in the second degree, admitting that he intended to prevent Rae from performing his lawful duty by attempting to cause Rae physical injury.  Douglas' contention here that Rae initiated the assault and that Douglas was merely attempting to protect himself directly contradict his conviction based on his allocution and plea and mandates the implication of the

---

[2]    Defendants provided Plaintiff with a copy of this unpublished decision with their moving papers.  (Dkt. No. 25-6 at 15-27.)

6

> invalidity of that conviction and appeal . . . [I]f Douglas' current version of the relevant facts were accepted, Rae would not have been performing a lawful duty and Douglas' plea would become invalid.

*Douglas*, 2009 WL 789450, at *2.

*Douglas* is distinguishable from the case at bar.  This is primarily because Douglas and Plaintiff pleaded guilty to different subsections of Penal Law § 120.05.  Douglas pleaded guilty to subsection three, which states that a person is guilty of assault in the second degree if "[w]ith intent to prevent a peace officer . . . from performing a lawful duty . . . he causes physical injury to such peace officer."  N.Y. Penal Law § 120.05(3) (McKinney 2004).  Judge Homer reasoned that if Douglas succeeded in his Eighth Amendment excessive force claim against Officer Rae by proving that Officer Rae applied force maliciously and sadistically rather than in a good faith effort to maintain or restore discipline, it would necessarily demonstrate the invalidity of Douglas' conviction because it would show that Officer Rae had not been performing a lawful duty.

Here, Plaintiff pleaded guilty to the subsection of § 120.05 that states that a person is guilty of assault in the second degree if "while confined in a correctional facility . . . with intent to cause physical injury to another person, he causes such injury to such person or to a third person."  N.Y. Penal Law § 120.05(7) (McKinney 2004).  Thus, Plaintiff did not plead guilty to a charge that includes the assault victim's "performance of a lawful duty" as an element.  Success in this action would not invalidate Plaintiff's conviction because both propositions could be true:  Defendants may have acted maliciously and sadistically *and* Plaintiff may have intended to harm Defendant Hendry.  Nothing in Plaintiff's complaint contradicts the facts that he admitted when he pleaded guilty to attempting to assault Defendant Hendry.  Indeed, Plaintiff admits that he

'struggled' against Defendants.  (Dkt. No. 6 ¶ 16.)  The complaint also states that Plaintiff

"became placid" after "approximately a minute," which suggests that Plaintiff was *not* "placid"

before that point.  *Id*.  Therefore, I find that Plaintiff's claim is not barred by *Heck*.

I note, also, that the *Douglas* court granted summary judgment in favor of only Defendant

Rae.  The other officers who Douglas alleged used excessive force did not move for summary

judgment on the basis of *Heck*.  Here, all of the defendants have moved for judgment on the

pleadings, not just Defendant Hendry.  Defendants have not cited any case holding that a

prisoner's conviction for assaulting one officer bars his excessive force claims against other

officers.  Therefore, I recommend that the Court deny Defendants' motion for judgment on the

pleadings.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No. 25)

be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

 **PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 2, 2011
    Syracuse, New York

George H. Lowe
United States Magistrate Judge

8